IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW DAVID JARAMILLO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR IMPOSITION OF ALTERNATIVE SENTENCE AND ALTERNATIVE MOTION FOR NON-BINDING RECOMMENDATION TO BOP<br><br>Case No. 1:05-CR-136 TS |

This matter is before the Court on Defendant's Motion for Imposition of Alternative Sentence and Defendant's Alternative Motion for Non-Binding Recommendation to the Bureau of Prisons ("BOP"). For the reasons discussed below, the Court will deny both Motions.

I. BACKGROUND

Defendant was named in a three-count Indictment on November 2, 2005, charging him with possession of a firearm and ammunition by a convicted felon and two counts of possession of a controlled substance. Defendant pleaded guilty to Count I, pursuant to Fed.R.Crim.P.

1

11(c)(1)(C), on May 25, 2007. Defendant was sentenced on August 21, 2007, to 180 months imprisonment in accordance with his plea agreement.

## II. DISCUSSION

Defendant's Motion essentially seeks to challenge the Bureau of Prison's determination of sentence credit. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[1] A prisoner challenging the calculation of a particular sentence must do so by filing a Petitioner for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the district in which the prisoner is confined.[2] Before doing so, however, the prisoner must exhaust his administrative remedies.

Defendant appears to recognize this authority, but states that it is futile to follow the above-outlined procedure. Instead, Defendant seeks to amend the Judgment to impose a 158 month sentence, thus giving Defendant the credit for time to which he believes he is entitled. This request must be denied.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3] Because Defendant's Motion is

---

[1] *United States v. Wilson*, 503 U.S. 329, 335 (1992).

[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").

[3] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[4] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[5] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[6]

None of these three situations are present here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[7] Further, none of the reasons set out in Rule 35(a) apply here. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the

---

[4]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[5]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[6]*Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[7]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

3

government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[8] Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error. Therefore, Rule 36 is inapplicable and the Court does not have the authority to amend the Judgment as requested.

In the alternative, Defendant seeks a non-binding recommendation to the BOP to (1) adjust his sentence to implement U.S.S.G. § 5G1.3(c), and (2) to run the federal sentence concurrently. The Court declines to make such a recommendation at this time, but may do so if an inquiry is made by the BOP.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Imposition of Alternative Sentence and Defendant's Alternative Motion for Non-Binding Recommendation to BOP (Docket Nos. 72 and 73) are DENIED.

---

[8] *Blackwell*, 81 F.3d at 948–49.

DATED   September 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge